**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Sinclair, | No. CV-26-08174-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Connor McKelvey, et al., | |
| Defendants. | |

Plaintiff Richard Sinclair filed a complaint and an application to proceed in forma pauperis.[1] (Docs. 1, 2.) The application is granted but Sinclair's complaint is dismissed with leave to amend because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    Background

The complaint identifies defendant Gerald Rocco as a bartender at The Point Bar in Prescott, a bar owned by defendant Bob Kolar. (Doc. 1 at 2.) On July 9, 2025, Sinclair was at the bar when Rocco accused him "of Non-Payment, Trespass, and fighting." (Doc. 1 at 4.) Sinclair has "bank records showing that [he] paid twice," and claims he "never left the bar and came back in," so there was "no trespass." (Doc. 1 at 4.) Sinclair explains he went "to the bathroom" after finishing a "house specialty" drink Rocco made for him without

---

[1] The application for leave to proceed in forma pauperis was accompanied by a handwritten letter from Sinclair asserting the "statement of claim and relief are screwed up as there was no way to scroll down to proofread and most seems to be chopped." (Doc. 2 at 6.) Sinclair also refers to "an extra copy non-marked" he allegedly enclosed. (Doc. 2 at 6.) The court does not have access to any documents beyond those reflected on the current docket, which do not include any "extra copy non-marked."

being asked, and Rocco aggravated "the situation by ordering [Sinclair] out." Defendant Daniel Michael Klem "stood in the way by throwing tba [sic] at [Sinclair] with napkins underneath." (Doc. 1 at 4.) Klem, as well as defendants Toni Michelle Jones and Chelsea Brianna Davis, then made "false accusations." (Doc. 1 at 4.) Those false accusations may have been that Sinclair had "kick[ed] one of the officers in the head," which was a "complete fabrication dropped after being used to coerce [Sinclair into] accepting plea." (Doc. 1 at 4.) Sinclair listed three police officers as defendants and claims they "are threatening" him and he has "been harassed in store, road, gym." (Doc. 1 at 4.) Sinclair does not provide any factual allegations regarding those officers' actions at The Point Bar, nor the subsequent threats or harassment.

The events on July 9 led to "ongoing damages," including "[n]o energy, confusion, vision changes daily. Numb fingers. Pain. Head, heart, eyes, neck, shoulders, back, elbows, hands, hips, knees, hernia requiring surgery." (Doc. 1 at 4.) Someone also cut Sinclair's backpack strap and popped his bicycle tire.

The caption of the complaint lists eight individuals as defendants: officers Dylan James Schrock, Connor McKelvey, and Theodora Grace Thyr; Rocco, Kolar, Jones, Davis, and Klem. (Doc. 1 at 2.) The complaint alleges the basis for federal jurisdiction is federal question and asserts claims for "Malicious prosecution, Assault, Police misconduct." (Doc. 1 at 3.) The complaint does not explain which of those claims is brought against which defendant.

## II.    Analysis

When a plaintiff is proceeding in forma pauperis, the complaint may proceed only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether

a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026).

Sinclair's complaint does not contain sufficient factual allegations to establish any plausible claim for relief. There are no factual allegations against the three police officers or Kolar, so they are dismissed. Sinclair's allegations against the remaining defendants do not support any of the claims he identifies in his complaint.

First, Sinclair's complaint lists three purported state-law causes of action but does not tie them to his federal rights in any way. "42 U.S.C. § 1983 provides the statutory authorization to redress violations only of *federal* civil rights, not state-based rights." *Mooney v. Boli*, No. C 06 7875 SI, 2007 WL 781973, at *5 (N.D. Cal. Mar. 13, 2007); *see Maney v. Brown*, 91 F.4th 1296, 1302 (9th Cir. 2024). As currently formulated, Sinclair's complaint therefore does not raise a federal question. A claim under § 1983 would also require allegations that the persons infringing Sinclair's federal constitutional rights were state actors. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) (42 U.S.C. § 1983 "requires the wrongdoer to be a state actor"). As bartenders, bar owners, and (presumably) fellow bar patrons, it is dubious that most of the defendants Sinclair names—and the only ones whose actions he describes—would qualify as state actors.

Even if Sinclair were allowed to plead purely state-law causes of action in federal court to invoke federal-question jurisdiction—which he is not—his complaint would fail to state a claim. A claim for malicious prosecution requires allegations that Sinclair was "damage[d] by a criminal prosecution, which terminated in his favor, with defendant as prosecutor or complaining witness acting without probable cause and with malice." *Bearup v. Bearup*, 596 P.2d 35, 36 (Ariz. Ct. App. 1979). Sinclair does not allege any of these elements. Sinclair does, however, allege he was coerced into accepting a plea, possibly

indicating criminal proceedings connected to these events that did not terminate in his favor. If criminal proceedings were brought against Sinclair and he was convicted, he will not have a plausible claim for malicious prosecution arising from that prosecution.

A claim for assault requires allegations "that the defendant acted with intent to cause . . . harmful or offensive contact or apprehension thereof, and [Sinclair] apprehend[ed] imminent contact." *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1209 (9th Cir. 2016) (simplified). Sinclair does not allege any acts that might satisfy these elements. Sinclair alleges Klem, Jones, and Davis made "false accusations," but he does not explain how those accusations might qualify as assault. Sinclair also alleges Klem "stood in the way by throwing tba [sic] at [Sinclair] with napkins underneath." (Doc. 1 at 4.) It is not clear what this means, so this allegation is not enough.

Finally, Sinclair alleges a claim for "police misconduct." Courts do not recognize "police misconduct" as "an independent cause of action," so this claim cannot proceed. *White v. Glendale Police Dep't*, No. CV-25-04995-PHX-JAT (ASB), 2026 WL 1196756, at *5 (D. Ariz. Mar. 18, 2026). Sinclair may be attempting to allege the officers used excessive force in arresting him. Assuming that is Sinclair's intent, he does not identify what acts each officer took, nor provide the surrounding factual circumstances at the time the force was used. *Thompson v. Rahr*, 885 F.3d 582, 586 (9th Cir. 2018) (excessive force elements). Sinclair has not alleged a plausible claim for excessive force.

Because Sinclair may be able to formulate federal causes of action from the facts underlying his current state-law claims, he is granted leave to amend. To be clear, an amended complaint that again fails to plead a federal cause of action will be dismissed, as will any federal causes of action brought against non-state actors. If Sinclair chooses to file an amended complaint, he must provide significantly more factual allegations linking each named defendant to particular acts, identifying the federal legal claim Sinclair believes those acts support, and identifying his basis for believing each defendant is a state actor.

/

/

- 4 -

**IT IS ORDERED** the Application (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH LIMITED LEAVE TO AMEND**. No later than **August 18, 2026**, plaintiff may file an amended complaint. The Clerk of Court shall enter a judgment of dismissal with prejudice if no amended complaint is filed by that date.

Dated this 4th day of August, 2026.

Honorable Krissa M. Lanham
United States District Judge