**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Richard Sinclair,

Plaintiff,

v.

Connor McKelvey, et al.,

Defendants.

No. CV-26-08174-PCT-KML

**ORDER**

The court dismissed plaintiff Richard Sinclair's original complaint because he had not made sufficient factual allegations against any of the eight defendants listed in that complaint's caption. (Doc. 5.) The court told Sinclair that if he filed an amended complaint he would need to "provide significantly more factual allegations linking each named defendant to particular acts, identify[] the federal legal claim Sinclair believes those acts support, and identify[] his basis for believing each defendant is a state actor." (Doc. 5 at 4.) On August 10, 2026, Sinclair filed an amended complaint. (Doc. 6.)

The amended complaint appears to be an attempt to seek post-conviction relief from Sinclair's convictions in Yavapai County Superior Court. (Doc. 6.) The first page of the amended complaint identifies police officer Connor McKelvey as the sole defendant. (Doc. 6 at 1.) That page then alleges "Sinclair was denied the right to representation by a competent and effective lawyer as grounds for post-conviction relief [under Arizona Rule of Criminal Procedure] 33.1(a)." (Doc. 6 at 1.) Sinclair's counsel in the state-court criminal proceedings allegedly "denied Sinclair of his right of free speech" by talking over Sinclair

in court. That counsel also "failed to demand due diligence" from the prosecutor, apparently by not obtaining "withheld bodycam evidence." (Doc. 6 at 1.) After the first page seeking post-conviction relief, the amended complaint contains four pages of allegations, mostly dealing with the circumstances of Sinclair's arrest by McKelvey and other officers. Those allegations end with Sinclair arguing his "[c]onviction should be exonerated." (Doc. 6 at 6.)

Sinclair attached to the amended complaint the transcript from a change of plea hearing in state court. That transcript shows Sinclair pleaded guilty to resisting arrest and disorderly conduct. (Doc. 6 at 37.) He was sentenced to three years of "supervised probation." (Doc. 6 at 42.)

Assuming Sinclair is attempting to seek relief from his conviction in state court, he cannot do so through the type of suit he has filed here. *See Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) ("§ 1983 suits cannot be used to collaterally attack the validity of a conviction.") This case began as a civil suit for damages and the only way for Sinclair to attack his criminal conviction would be through filing a petition for writ of habeas corpus. *Id.* But before filing such a petition, Sinclair likely would need to seek relief from the state courts, and his amended complaint suggests he has not completed that process yet. (Doc. 6 at 1 ("To make claim I need Superior Court to cooperate and give me PCR . . . .").) "One of the most venerable doctrines in federal habeas corpus jurisprudence is that a state prisoner must fully and fairly present his or her claims to state courts before seeking federal habeas relief." *Nino v. Galaza*, 183 F.3d 1003, 1004 (9th Cir. 1999). And while the court can recharacterize filings under certain circumstances, it would not be proper to do so here. *Cf. Castro v. United States*, 540 U.S. 375, 383 (2003) (recharacterization appropriate in limited circumstances). Filing a habeas petition too soon can have significant consequences, such as prohibiting a later filing after the state courts deny relief. Recharacterization is not appropriate. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).

Alternatively, if Sinclair is still attempting to pursue civil claims for money

damages, his amended complaint does not remedy the flaws the court previously identified. It is still not possible to determine who Sinclair is attempting to sue or the factual and legal basis for his claims. As the court informed Sinclair in the previous order, "[i]t is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts." *Gibson v. City of Portland*, 165 F.4th 1265, 1289 (9th Cir. 2026). If Sinclair is attempting to pursue money damages, his complaint does not state any claim for relief.

After being granted leave to amend, Sinclair filed a document that either sought an entirely different form of relief not available in these proceedings or did not remedy the flaws the court identified in its earlier order. Additional leave to amend would be futile. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (affirming denial of leave to amend as futile where prior district court order put plaintiffs "on notice . . . of the same defects" that led to dismissal of amended complaint).

**IT IS ORDERED** the amended complaint (Doc. 6) is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk of Court shall enter judgment against plaintiff and close this case.

Dated this 17th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**